UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DARLENE SCHAEFER,

           Plaintiff,

   -against-

IC SYSTEM, INC.,

           Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:17-cv-01920-FB-SJB

*Appearances*:
*For Plaintiff*:
ABEL L. PIERRE
Law Office of Abel L. Pierre,
Attorney at Law, P.C.
140 Broadway, 46th floor
New York, NY 10005

*For Defendants*:
PETER G. SIACHOS
Gordon & Rees LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932

**BLOCK, Senior District Judge:**

Darlene Schaefer ("Schaefer") sued IC System, Inc. ("ICS"), a debt collector, claiming that ICS violated the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), the New York General Business Law, and the U.S. Bankruptcy Code by calling her cell phone to collect a debt during the pendency of an automatic bankruptcy stay. ICS moves to dismiss Schaefer's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the motion is granted as to Schaefer's claim under 15 U.S.C. § 1692d and denied in all other respects.

**I**

On a motion to dismiss under Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). The Court limits its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999).

Schaefer alleged as follows. On September 20, 2016, she filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of New York. Am. Compl. ¶ 18. Prior to that date, she had incurred a debt, which an unspecified creditor submitted to ICS for collection. *Id.* ¶¶ 15-17, 27. Although Schaefer does not know the exact date ICS assumed responsibility for collecting the debt, other debt collectors routinely check credit reports and public court records to determine whether a debt is subject to bankruptcy proceedings. *Id.* ¶¶ 27-30. ICS either took such measures and ignored the results or failed to take such measures despite a responsibility to do so under federal law. *Id.* ¶¶ 28-31.

Notwithstanding the automatic bankruptcy stay imposed by 11 U.S.C. § 362, ICS called Schaefer's cell phone to collect the debt using an automatic telephone dialing system ("ATDS") on December 1 and 2, 2016. *Id.* ¶¶ 20-26. When Schaefer

answered the phone, she heard a pause followed by a pre-recorded voice. *Id.* ¶ 25. Schaefer's bankruptcy proceeding terminated in December 2016.[1]

On April 4, 2017, Schaefer brought this action, claiming violations of the FDCPA, 15 U.S.C. §§ 1692d, 1692e, and 1692f; the TCPA, 47 U.S.C. § 227; New York General Business Law § 349; and the automatic bankruptcy stay. She alleged injury in the form of emotional distress and sought declaratory, monetary, and preliminary and permanent injunctive relief.

## II

**A. FDCPA Claims**

Courts analyze FDCPA claims under a "least sophisticated consumer" standard, "measur[ing] the questioned conduct 'by how the least sophisticated consumer would interpret it.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 434 F. Supp. 2d 133, 137 (E.D.N.Y. 2006), *rev'd in part on other grounds*, 516 F.3d 85 (2d Cir. 2008) (alterations omitted) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). Given its remedial nature, the Act must be construed liberally. *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 225 (2d Cir. 2015).

---

[1] Schaefer's Amended Complaint does not specify the date her bankruptcy proceeding ended, but this Court may take judicial notice of the docket sheet in that proceeding, which was filed in the U.S. Bankruptcy Court for the Eastern District of New York under docket number 1-16-44170. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice[.]").

3

### 1. Section 1692d

Section 1692d prohibits a debt collector from engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statute gives a list of prohibited conduct, but the list is not meant to "limit[] the general application of the foregoing" prohibition. *Id.* Schaefer does not cite any of these examples but instead seeks to proceed under the general prohibition on the theory that even two calls to collect a debt covered by an automatic bankruptcy stay constitutes harassment and oppression.

Another judge of this Court found a violation of the general prohibition where a debt collector made about 25 calls attempting to collect a debt owed by an unknown third party, ignored the plaintiff's instructions not to call again, and invariably put plaintiff on hold before discussing the error. *Doyle v. Midland Credit Mgmt., Inc.*, 2012 WL 1666397, at *4 (E.D.N.Y. May 11, 2012).

Here, by contrast, Schaefer's allegations do not rise to the level of harassment, oppression, or abuse. She specifically alleges only two phone calls and provides no detail regarding what she or ICS said during the calls. Although she suggests additional calls by stating that ICS made "at least" the two specified calls, Am. Compl. ¶ 23, this vague suggestion falls far short of a plausible harassment allegation. She does not allege that ICS ignored any request to cease the calls or did anything else that constitutes harassment or abuse. Schaefer's § 1692d claim is therefore dismissed.

## 2. Section 1692e

Section 1692e prohibits any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Prohibited conduct includes making a "false representation of . . . the legal status of any debt." *Id.* § 1692e(2)(A).

Schaefer states a claim that ICS violated § 1692e by misrepresenting the legal status of her debt. The "least sophisticated consumer" would understand ICS's attempt to collect the debt to mean that it was then due and collectible, but it was not so because of the automatic bankruptcy stay. *See* 11 U.S.C. § 362(a)(6) (bankruptcy petition "operates as a stay . . . of any act to collect . . . a claim against the debtor that arose before the commencement of the [bankruptcy] case"); *see also Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (finding a violation of § 1692e(2)(A) under substantially similar circumstances).

ICS insists that the debt did not arise before Schaefer filed her bankruptcy petition, of which it lacked notice. However, these are factual assertions outside the pleadings and may not be considered on a motion to dismiss under Rule 12(b)(6). *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).

In any event, ICS is liable for its misrepresentation even if it lacked notice of the bankruptcy stay because the FDCPA imposes strict liability for false representations. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 33–34 (2d Cir. 1996) ("Because the Act

imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.").

It is an affirmative defense to a violation of the FDCPA if a debt collector "can demonstrate by a preponderance of the evidence that its 'violation [of the Act] was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.'" *Id.* (quoting § 1692k(c)). Although ICS has not filed its answer, the Court may dismiss a complaint "pursuant to a Rule 12(b)(6) motion raising an affirmative defense 'if the defense appears on the face of the complaint.'" *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir.1998)). Here, however, dismissal based on the affirmative defense is unwarranted. Schaefer plausibly alleges that ICS did not maintain procedures reasonably adapted to avoid its error because it took no measures to verify the legal status of the debt. The defense thus does not "appear[] on the face of the complaint." *Id.*

Finally, ICS argues that the bankruptcy code precludes a claim under the FDCPA based on a violation of the automatic stay. However, the Second Circuit distinguishes between FDCPA claims filed during the pendency of the bankruptcy proceeding, which are precluded, and those filed when the bankruptcy proceeding has ended, when the plaintiff no longer enjoys the "protection of the bankruptcy court." *Garfield v. Ocwen*

6

*Loan Servicing, LLC*, 811 F.3d 86, 91–92 (2d Cir. 2016) (citing *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010)). The latter kind are allowed. *Id.* Schaefer filed this complaint after her bankruptcy proceeding had ended, and her FDCPA claims may therefore proceed.

### 3. Section 1692f

Under 15 U.S.C. § 1692f(1), the FDCPA also prohibits "unfair and unconscionable means," of debt collection, which includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is . . . permitted by law." Schaefer states a claim under § 1692f by alleging that ICS attempted to collect a debt protected by the automatic bankruptcy stay. ICS argues to the contrary by repeating the assertions it made against Schaefer's § 1692e claim. As discussed above, those arguments are without merit.

## B. TCPA Claim

The TCPA, 47 U.S.C. §§ 227, prohibits calls using an ATDS or "an artificial or prerecorded voice" to any cellular phone. 47 U.S.C. § 227(b)(2)(A)(iii). An ATDS is "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1). Thus, to support her TCPA claim, Schaefer had to allege that "(1) a call was placed to a cell or wireless phone; (2) by the use of any automatic

7

dialing system (3) without prior consent of the recipient." *Snyder v. Perry*, 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015).

ICS strays beyond the pleadings to assert that Schaefer consented to the calls and that its calling system did not qualify as an ATDS. Limiting consideration to the facts alleged in the Amended Complaint, Schaefer has stated a claim under the TCPA by alleging that she did not consent to the calls. Her assertion that the calls began with silence followed by a pre-recorded voice makes it plausible that an ATDS was used. *See Snyder*, 2015 WL 1262591, at *8 (plaintiff must describe "facts surrounding the calls or the circumstances surrounding the calls that make it plausible that [defendants] were using an ATDS").

**C. N.Y. General Business Law Claim**

ICS does not specifically identify any deficiency in Schaefer's claim under the N.Y. General Business Law § 349. Instead, it simply states that the claim "rise[s] and fall[s] with [sic] bankruptcy claim discussed in prior points and discussed in more detail in Point IV below [arguing that ICS did not willfully violate the automatic stay]." Having rejected ICS's argument that Schaefer's FDCPA claims are precluded by the Bankruptcy Code, the Court rejects it in this context as well. ICS cites no authority in favor of a different analysis. Although ICS vaguely refers to a separate section of its brief, the Court declines to search for further arguments in support of dismissing Schaefer's state law claim.

**D. Bankruptcy Stay**

The Bankruptcy Code allows a debtor to recover damages and costs based on any injury caused by a "willful violation of a stay" imposed by 11 U.S.C. § 362. *See* 11 U.S.C. § 362(k)(1). "A creditor willfully violates section 362 when it knows of the filing of the petition (and hence of the automatic stay), and has the general intent simply to perform the act found to violate section 362; no specific intent to violate section 362 is necessary." *In re Weber*, 719 F.3d 72, 82-83 (2d Cir. 2013).

Schaefer alleged that ICS had knowledge of her bankruptcy petition through common practices employed by debt collectors. *See* Am. Compl. ¶¶ 29-30. ICS disputes that allegation, but resolution of factual disputes is inappropriate on a motion to dismiss.

## Conclusion

For the foregoing reasons, ICS's motion to dismiss is granted as to Schaefer's claim under 15 U.S.C. § 1692d and denied in all other respects.

**SO ORDERED**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 22, 2018

9